UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CHARLES COOPER                               CIVIL ACTION

VERSUS                                       NO: 09-4816

INTERNATIONAL OFFSHORE                       SECTION: "S" (1)
SERVICES, LLC ET AL.


**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the "Motion for Summary Judgment" of International Marine, LLC and International Offshore Services, LLC is **GRANTED**. (Document #6.)

**I. BACKGROUND**

On December 18, 2007, Charles Cooper was employed by International Marine, LLC (International Marine) and its corporate parent, International Offshore Services, LLC (International Offshore), as a seaman/member of the crew aboard their vessel, the M/V INTERNATIONAL THUNDER. Cooper injured his ankle when the vessel was docked in a canal, and the gangplank shifted as another vessel passed in the canal.

Cooper was treated for his injuries, and the surgeon determined that he reached maximum medical improvement on January 20, 2009. Pursuant to the Longshoreman and Harbor Workers' Compensation Act (LHWCA), the defendants paid Cooper indemnity benefits

of $11,713.43 through February 13, 2009, and $19,061.75 in medical benefits.

In May 2009, represented by counsel, Cooper settled his claim for benefits under the LHWCA. Under the settlement, Cooper received $11,935.60, his attorney received $2,025, and the defendants were released from "any and all claims" arising out of the December 18, 2007, injury. On May 4, 2009, the Department of Labor entered a formal award approving the settlement and releasing the defendants from future liability.

Despite the settlement, Cooper filed a complaint against International Offshore, International Marine, and the unnamed owner and operator of the passing vessel, asserting admiralty jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure, and designating his claim as one in admiralty and maritime law. He alleges violations of the Jones Act; the general maritime law;[1] the LHWCA, 33 U.S.C. § 905(b); and Louisiana law.[2] He alleges that the defendants were negligent, and the vessel was unseaworthy. Cooper further alleges that the defendants owe him maintenance and cure at $30 per day from December 18, 2007, until he is fully recovered, and compensatory damages for failure to timely pay maintenance and cure.

The defendants filed a motion for summary judgment. The defendants argue that Cooper's claims are barred because he has settled his claims under the LHWCA, and the United States Department of Labor has issued a formal award confirming that settlement. Alternatively, the defendants argue that Cooper's claims are barred by *res judicata* under the terms of the

---

[1] Cooper agrees to the dismissal of the claims under the Jones Act and general maritime law.

[2] The complaint does not identify any Louisiana statutes.

2

formal award.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### B. LHWCA

The defendants argue that Cooper's complaint should be dismissed because Cooper settled his LHWCA claim under § 908(i). Cooper contends that there are issues of fact as to whether he bargained to release "any and all claims." He contends that all that he bargained for was a settlement of his claims for benefits under the LHWCA.

Cooper's argument effectively seeks a review of the District Director's findings of fact regarding the settlement and the discharge of the liability of the employer and insurance carrier. The defendants argue that this court does not have jurisdiction over an appeal from the District Director's compensation order because it must be appealed to the Benefits Review Board within

30 days, pursuant to 33 U.S.C. § 921, then directly to the Circuit Court in which the injury occurred. The defendants argue that district courts have jurisdiction only to enforce a compensation order.

"[T]he LHWCA is one of a pair of mutually exclusive remedial statutes that distinguish between land-based and sea-based maritime employees." McDermott Int'l, Inc. v. Wilander, 111 S.Ct. 807, 817 (1991). "[T]he Jones Act and the LHWCA are complementary regimes that work in tandem: The Jones Act provides tort remedies to sea-based maritime workers, while the LHWCA provides workers' compensation to land-based maritime employees." Stewart v. Dutra Const. Co., 125 S.Ct. 1118, 1123 (2005). "[M]erely accepting a voluntary payments under the LHWCA without a formal award does not bar a worker from filing a Jones Act suit." Sharp v. Johnson Bros. Corp., 973 F.2d 423, 426 (5th Cir. 1992). A formal award is made when a compensation order ratifying a settlement agreement is issued. Id. "Permitting a Jones Act proceeding after a formal compensation award . . . would defeat the purpose of the LHWCA, as well as work unfairness." Id. at 427. "The LHWCA was not designed to create a mere safety net, guaranteeing workers a minimum award as they seek greater rewards in court. Rather, it has a benefit to employers, too, giving them limited and predictable liability in exchange for giving up their ability to defend tort actions." Id. at 426.

On May 1, 2009, Cooper reached an agreement with the insurance carrier representative and requested approval from the District Director of the Seventh Compensation District of the Office of Workers' Compensation Programs. The parties agreed to a settlement of the claim as follows:

4

The Insurance Carrier will pay directly to the Employee the sum of Eleven Thousand Nine Hundred Thirty Five and 60/100 ($11,935.60) Dollars in a lump sum paid directly to him, and subject to approval of the District Director. The settlement is apportioned as follows: One Thousand Five Hundred and No/100 ($1,500.00) Dollars representing future medical expenses and Ten Thousand Four Hundred Thirty Five and 60/100 ($10,435.60) Dollars representing the amount owed for the PPD impairment rating of 17% assigned by Dr. Shults. The Employee's PPD rating of 17%=35 weeks of TTD benefits of $10,435.60. In addition, the Insurance Carrier will pay attorney fees and costs to Employee's counsel, Lawrence Blake Jones, Esq., the sum of Two Thousand Twenty Five and No/100 ($2,025.00) in accordance with the Fee Petition attached hereto. **The payment of the lump sum amount pursuant to this agreement will fully, finally and completely discharge any and all obligations of the Employer and Carrier for any benefits under the LHWCA as of the time of payment for the alleged work related accident of December 18, 2007.**

(Emphasis added.)

The District Director approved the settlement on May 4, 2009, and discharged the liability of the employee and insurance carrier "for all payments of compensation under the Act as a result of the occurrence in question." The District Director found as follow:

> The Employer and insurance Carrier shall be forever released and relieved from **all past, present, and future medical expenses, rehabilitative expenses, workers' compensation benefits, and any and all claims of whatsoever nature and kind** arising heretofore or which may hereafter arise, growing out of **any accident or injury or out of any medical treatment provided as a result of any accident or injury occurring prior to the date of this agreement**.

(Emphasis added.) The District Director issued an order discharging liability for "all payments of compensation and future medical benefits" under the LHWCA.

A compensation order becomes final at the expiration of the thirtieth day after it is filed in the office of the deputy commissioner, unless proceeding for the suspension or setting aside the order are instituted. 33 U.S.C. § 921(a). A Benefits Review Board is authorized to hear

5

appeals raising questions of law or fact from decisions with respect to claims of employees. 33 U.S.C. § 921(b)(3). An appeal from a decision of the Benefits Review Board may be taken in the United States Court of Appeal for the circuit in which the injury occurred within 60 days of the Board's order. 33 U.S.C. § 921(c). If any employer fails to comply with the compensation order, the beneficiary of the award may apply for the enforcement of the order to the United States District Court for the judicial district in which the injury occurred. 33 U.S.C. § 921(d).

Because Cooper seeks a review of the issues of fact in the District Director's order and not the enforcement of the order, the court does not have jurisdiction over his challenge to the compensation order.

**C. Claim for negligence under § 905(b)**

Cooper argues that, while Fifth Circuit precedent may bar his claims under the Jones Act and general maritime law, there is no bar to a claim for negligence against the vessel owner under § 905(b) of the LHWCA. Cooper contends that, despite the settlement of his claim for benefits under the LHWCA, he is entitled to pursue his claims for negligence against the vessel owner under § 905(b) of the LHWCA because he did not intend to release all of his claims in the settlement.

The defendants contend that Cooper's claims are barred by the doctrine of *res judicata*. The defendants argue that a plain reading of the terms of the settlement agreement indicate that the settlement encompasses "any and all" compensation to which Cooper may have been entitled.

"An injured maritime worker may bring an action under the LHWCA against his

6

employer for workers' compensation, see § 904, and against an owner for its vessel's negligence, See § 905(b)." McLaurin v. Noble Drilling, 529 F.3d 285, 289 (5th Cir. 2008). Congress amended the LHWCA to allow maritime workers to sue their employers who are also vessel owners under both sections. Id. at n.2.

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401(5th Cir. 2009) (internal quotation and citation omitted). "*Res judicata* insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." Id. "Four elements must be met for a claim to be barred by *res judicata:* (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." Id. "When an administrative agency is acting in a judicial capacity and resolves the disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." Gibson v. United States Postal Service, 380 F.3d 886, 889 (5th Cir. 2004.)

The four elements to bar a claim by *res judicata* are met: Cooper agreed to a settlement of his claims through an administrative procedure of the Employment Standards Administration of the Department of Labor, his employer and the insurance carrier were parties to the action, there was a formal compensation order based on the settlement, and Cooper did not exercise his rights to appeal the order. According to the agreement and the final order, the employer and

insurance carrier were released from liability "for all payments of compensation and future medical benefits under the Longshore and Harbor Workers' Compensation Act" as a result of Cooper's injury. Accordingly, the compensation order warrants the application of the doctrine of *res judicata* on his claim against International Marine and International Offshore under § 905(b) of the LHWCA.

There are no disputed issues of material fact, and the motion for summary judgment of International Marine and International Offshore is granted.

New Orleans, Louisiana, this 17th day of December, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**